```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                        PLAINTIFF DEMANDS TRIAL BY
BLUE ANGEL FILMS LTD. and               JURY
MIROMAR ENTERTAINMENT AG

                Plaintiffs,             C O M P L A I N T

      -against-                         Docket No. 08 CIV. 6469 (DAB)

FIRST LOOK STUDIOS, INC.,

                Defendant.
-------------------------------x
```

**PLAINTIFFS**, through their attorney Gregory A. Sioris, Esq., complain of the defendant and allege as follows:

## JURISDICTION AND VENUE

1.   This action is brought as a result of a breach of contract and plaintiffs seek damages, an accounting and the return of their properties pursuant to the laws of the state of New York.  This Court has jurisdiction over this action based on 28 U.S.C. section 1332(a)(2) with the plaintiffs respectively being corporations incorporated under the laws of the Federal Republic of Germany.  The defendant is a Delaware corporation headquartered and doing business from Los Angeles, California.

2.   Venue is properly placed in the Southern District of New York under 28 U.S.C. section 1391(a), since the plaintiffs' agent is a New York corporation headquartered and doing business in New York, NY, and a substantial part of the events giving rise to the claims occurred in Manhattan.  Alternatively defendant has done business, is doing business or is transacting business in New York in order

1

for the venue to be placed in the Southern District of New York.

## THE PARTIES TO THE ACTION

3.  The plaintiffs are the producers of the feature length motion picture photoplay released in 2008 titled *Buy Borrow Steal* (the picture) starring Heather Graham.  An application for copyright registration of the picture has been submitted to the Copyright Office of the Library of Congress on April 11, 2008 as evidenced by receipt number 1-WTU9D.  The defendant is a commercial motion picture distributer which entered into a contract with the defendants to distribute and promote the picture in the United States and its several territories.

## FACTS OF THE ACTION

4.  The parties entered into a written distribution agreement whereby plaintiffs granted defendant the exclusive video distribution rights for the picture in United States and other territories in North America for a fifteen year term commencing May 8, 2008 or on the date of the picture's first theatrical exhibition in Los Angeles, which occurred during the Spring of 2008.  The distribution agreement was negotiated at arm's length between the parties' principals and their attorneys, and was executed on April 1, 2008, effective as and of February 19, 2008.

5.  The consideration to acquire the distribution rights is $250,000.00.  Against the $250,000.00 defendant paid the initial $37,500.00 and then failed to pay the remaining monies due and

owing on the contract despite taking possession of the motion picture's film elements and other materials connected to the picture which defendant has used to exhibit, copy and distribute the picture.  In addition, the defendant changed the title of the picture to *Miss Conception* for its distribution purposes.

6.  Defendant failed to pay the balance due and owing on the contract.  Based on the defendant's non payment, plaintiffs served defendant with a written notice of default and demand to cure dated June 26, 2008.  Despite receipt of this notice and demand, defendant failed to cure its breach, either in whole or in part. Having failed to cure the default within the stated cure period as recited in the agreement, plaintiffs served defendant with a written notice of default dated July 9, 2008 declaring defendant in default of the contract and terminating the agreement between the parties.

7.  Defendant through its President Gary Hirsch contacted plaintiffs by email on July 15, 2008 and admitted the default by stating "We are very aware that your money is overdue".

8.  As and of the date of this complaint the defendant continues to be in default of the agreement and plaintiffs now exercise their rights under law.

## FIRST CLAIM

9. The plaintiffs repeat and reallege paragraphs 1 through 9 herein.

10. Defendant has failed to pay the sums due under the agreement and to cure its major breach. The defendant is liable to the plaintiffs for damages under contract in the sum of $212,500.00. In addition to the $212,500.00, defendant is liable for the plaintiffs' incidental and consequential damages, which sum the plaintiffs cannot calculate as and of the date of this complaint, but which will accrue as a natural and probable consequence of the defendant's default.

## SECOND CLAIM

11. The plaintiffs repeat and reallege paragraphs 1 through 11 herein.

12. Alternative to the first claim herein, the defendant, although being in default, has continued and is likely to continue to sell, distribute or otherwise exploit the picture without enjoying the right to do so. In the event that the contract is not held to be valid for whatever reason, the plaintiffs seek an accounting and damages for the defendant's unjust enrichment or commercially immoral conduct as regards its continued exploitation of the picture despite being in default of the parties' agreement.

13. Although the plaintiffs' damages under the claims stated in ¶12 cannot be calculated accurately at this time due to the

unknown extent of the exploitation, plaintiff prays for a judgment of at least the amount which is due under the contract and any additional monies that the defendant may receive based on its illicit exploitation of the picture.

### THIRD CLAIM

14. The plaintiffs repeat and reallege paragraphs 1 through 14.

15. Plaintiffs seek an Order or Decree from the Court to compel the defendant to return the plaintiffs' physical properties as are connected to the picture which the defendant holds without right or privilege based on the defendant's default.

16. Plaintiffs to the extent permitted by law, *demand* a trial by jury.

**WHEREFORE,** plaintiffs pray for a judgment and other relief as follows:

**(i)** That the defendant is liable to the plaintiff in the sum of $212,500.00 exclusive of the consequential and incidental damages that will naturally and probably flow from its breach of the agreement;

**(ii)** That in the unlikely event that the contract is found to be invalid that the defendant is compelled to account and is held liable for damages based on unjust enrichment and commercial immorality in the sum of at least $212,500.00;

**(iii)** That defendant is compelled by Order or Decree to the return to the plaintiffs' their physical properties as connected to the

picture; and

**(viii)** A trial by jury and any other and further relief this Court deems just and proper under the circumstances herein.

Dated: New York, NY
      July 17, 2008                        s/Gregory A. Sioris (GAS 1342)
                                            Attorney for Plaintiffs
                                            350 Fifth Avenue, Suite 7606
                                            New York, NY 10118-7606
                                            (212)840—2644
                                            gasioris@prodigy.net

**To:  First Look Studios, Inc.**
     Defendant
     2000 Avenue of the Stars, Suite 410
     Los Angeles, CA 90067
     (424)202-5000