UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BLUE ANGEL FILMS LTD. and             08 Civ. 6469 (DAB)

MIROMAR ENTERTAINMENT AG,            ECF Case

         Plaintiffs,

    -against-

FIRST LOOK STUDIOS, INC.,

         Defendant.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT FIRST LOOK STUDIOS, INC.**

Charles M. Coate, Admitted *Pro Hac Vice*
Attorney for Defendant
COSTA ABRAMS & COATE LLP
1221 Second Street, Third Floor
Tel: (310) 576-6161
Fax: (310) 576-6160

Pursuant to Local Civil Rule 1.4, Charles M. Coate of the firm Costa, Abrams & Coate, LLP and William R. Horner (collectively "Defendant's Counsel") respectfully submit their memorandum of law in support of their motion for leave to withdraw as counsel of record for Defendant First Look Studios, Inc. ("Defendant"). The primary reason is that First Look Studios, Inc. "is going out of business by way of an assignment for the benefit of creditors" which is a state level insolvency under California law. Further, counsel for First Look Studios, Inc. has been unable to communicate with its client, since there apparently are no longer any officers, directors or employees at First Look Studios, Inc. and their offices are closed. Furthermore, counsel for the assignee Phillip Gastier has represented to counsel that the assignee for benefit of creditors has no intention of defending any ongoing litigation involving First Look Studios, Inc. and that it will not pay counsel to do so.

In addition, Charles M. Coate and Costa, Abrams & Coate, LLP have not been compensated for any time incurred subsequent to October 2010. It is well-settled in this district that non-payment of counsel fees is a proper basis for withdrawal.

**Procedural Background**

In this action, Plaintiffs Blue Angel Films Ltd. and Miromar Entertainment AG (collectively "Plaintiffs") asserted claims for breach of contract and copyright infringement, *inter alia*, concerning the distribution of a motion picture entitled *Miss Conception*.

On or about July 21, 2008, Plaintiffs filed their original complaint. On or about September 11, 2008, Defendant's local counsel (William R. Horner) filed an answer to the original complaint.

On or about September 22, 2008, Defendant's local counsel William R. Horner entered into a stipulation with Plaintiffs' counsel regarding the filing of an amended complaint, and an amended complaint was then filed.

On or about November 25, 2008, William R. Horner, Esq. of The Law Offices Of William R. Horner requested that Charles M. Coate be admitted *pro hac vice* before this Court. This request was granted by the Court on or about February 6, 2009.

The parties then filed cross-motions for summary judgment. On or about September 29, 2010, this Court granted the lions' share of Defendant's cross-motion for summary judgment and dismissed all but two of the eight claims asserted by Plaintiffs in their amended complaint. Claims that were dismissed included Plaintiffs' copyright infringement claims as well as their trademark infringement claim and associated unfair competition claim. This Court also denied Plaintiffs' cross-motion for summary judgment with respect to their copyright infringement claims.

On or about October 12, 2010, Defendant filed and served a notice and motion for attorney fees concerning its successful defense of the copyright infringement and trademark infringement claims. On or about November 10, 2010, the Court (Hon. Magistrate Judge James C. Francis IV) Ordered that Plaintiffs' answer to Defendant's fee motion is due by December 17, 2010, and that Defendant's reply is due by January 7,

2011. Judge Francis also Ordered that "damages discovery in connection with the plaintiffs' contract claim shall be completed by December 17, 2010."

Although Plaintiffs' answer to Defendant's fee motion was due on December 17, 2010, Plaintiffs' served, but have not filed their opposition, to the fee motion on or about November 26, 2010. Plaintiffs also served, but have not filed, a cross-motion for sanctions against Defendant and Defendant's Counsel at such time.

## Argument

**1.  Local Civil Rule 1.4**

This Court's Local Civil Rules establish that counsel may not withdraw from a case without leave of Court:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

S.D.N.Y. Local Civ. R. 1.4.

In this case, Defendant's Counsel respectfully seek to withdraw as counsel for two independent reasons: (1) Defendant has gone out of business, has closed its offices and there are no longer any employees to communicate with; and (2) Defendant has a large outstanding bill that is owed to Defendant's Counsel (Charles M. Coate of Costa Abrams & Coate, LLP). Declaration of Charles M. Coate ("Coate Decl." ¶2).

## 2. Defendant No Longer Has Any Officers, Directors or Employees To Communicate With Since Its Secured Creditors Foreclosed On Most Of Its Assets And It Is Undergoing An "Assignment For The Benefit Of Creditors")

In late November 2010, Defendant's website ([www.firstlookstudios.com](www.firstlookstudios.com)) indicated that as of November 19, 2010, Defendant's senior secured creditors "foreclosed on substantially all of the assets of First Look Studios." (Coate Dec. ¶3; **Exhibit "A."**). This notice also indicates that First Look (Assignment for the Benefit of Creditors), LLC "will compile all claims of creditors and distribute recoveries (if any) on a pro-rata basis to creditors based on each claim's priority. All potential creditors will be sent a Notice of the General Assignment and a proof of claim form in mid December, at which time they can file a claim." (Coate Dec. ¶3; **Exhibit "A."**).

An assignment for the benefit of creditors is a device under California state law by which an insolvent company may liquidate without filing for federal bankruptcy. *See* Credit Mgrs. Ass. of S. Cal. v. National Indep. Bus. Alliance, 162 Cal. App. 3d 1166, 1169 (1984). "The assignment is an assignment of all of the [assignor's] assets that are transferable and not exempt from enforcement of a money judgment." California Code of Civil Procedure § 493.010. "The assignment is for the benefit of all the [assignor's] creditors." Software Freedom Conservancy, Inc. v. Best Buy Co., 2010 U.S. Dist. LEXIS 125426 *3.

Voluntary assignments for the benefit of creditors have their origins in English common law, and exist as an alternative to formal bankruptcy proceedings. *See* Credit

Managers Ass'n v. Nat'l Indep. Bus. Alliance, 162 Cal. App. 3d 1166, 1169-1170, (2nd. Dist. 1984). California's scheme requires that any assignment be for the benefit of all creditors, and does not allow preferences for any creditor or class of creditors. Sherwood Partners, Inc. v. Lycos, Inc. (9th Cir. 2005) 394 F.3d 1198, 1206-1207, *citing* California Code of Civil Procedure § 493.010(b)-(c). Creditors must be given notice and an opportunity to submit claims to the assignee. California Code of Civil Procedure § 1802. These types of assignments are recognized by and incorporated in the federal bankruptcy code. Sherwood Partners at 1206-1207 *citing* 11 U.S.C. § 101(11)(B) [defining "custodian" as, *inter alia*, "assignee under a general assignment for the benefit of the debtor's creditors"]); § 543(d)(2) [excusing assignees appointed more than 120 days before the filing of a petition from turning debtor's property over to the trustee].

In Pobreslo v. Boyd Co., the Supreme Court upheld a state scheme allowing voluntary assignment for the benefit of creditors, stating, "It is apparent that Congress intended that such voluntary assignments . . . should be regarded as not inconsistent with the purposes of the federal Act." 287 U.S. 518, 526, 77 L. Ed. 469, 52 S. Ct. 262, 53 S. Ct. 262 (1933). When voluntary assignments contribute to bankruptcy's goal of equitable distribution, "quite in harmony with the purposes of the federal Act, the provisions of [state voluntary assignment laws] serve to protect creditors against each other and go to assure equality of distribution unaffected by any requirement or condition in respect of discharge." Sherwood Partners at 1206-1207 *citing* Pobreslo at 526.

Counsel for Defendant was informed on a conference call on or about November 30, 2010 between Trevor Short, the former CEO of First Look Studios, Inc., David Wardle, Esq. former in-house counsel working on behalf of First Look Studios, Inc. and Phillip Gasteier, Esq., who identified himself as counsel for the assignee for the benefit of creditors of First Look Studios, Inc. that Defendant has closed its offices and that there are no longer any officers, directors or employees of First Look Studios, Inc. (Coate Dec. ¶ 4).

Counsel for Defendant is aware that this Court has Ordered Defendant to produce "damages discovery in connection with the plaintiffs' contract claim shall be completed by December 17, 2010." However, the undersigned is unable to comply with that Order since there is no one to communicate with to obtain the requested documentation. (Coate Dec. ¶ 5).

The foregoing provides strong reasons for granting the motion to withdraw, since Defendant's Counsel (Charles M. Coate and William R. Horner) are no longer able to carry out their employment effectively. *See* Whiting v. Lacara, 187 F.3d 317, 321 (2nd Cir. 1999), *citing* DR 2-110(C)(1)(d).

### 3. Defendant Has Not Paid for Any Work Performed Since October 2010

Another independent reason why the motion to withdraw should be granted is that Counsel for Defendant has not been compensated for any time incurred on behalf of First Look Studios, Inc. subsequent to October 2010. (Coate Dec. ¶ 6). Moreover, counsel for the assignee for the benefit of creditors Phillip Gasteier has represented that that the assignee for benefit of creditors has no intention of defending any ongoing litigation

involving First Look Studios, Inc. and that it will not pay counsel to do so. (Coate Dec. ¶ 2).

It is well-settled that non-payment of counsel fees is a proper basis for withdrawal. Team Obsolete, Ltd. v. A.H.R.M.A., Ltd. 464 F.Supp. 164, 165066 (E.D.N.Y. 2006); *see also* Melnick v. Press, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609, at *10 (E.D.N.Y. Aug. 28, 2009) (Bianco, J.) ["[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."]; Centrifugal Force, Inc. v. SoftNet Commc'n, Inc., No. 08 Civ. 5463, 2009 U.S. Dist. LEXIS 35223, at *4-5 (S.D.N.Y. Apr. 6, 2009) ["Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."]; HCC, Inc. v. R G & M Mach. Co., No. 96 Civ. 4920, 1998 U.S. Dist. LEXIS 10977, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (Leisure, J.) ["It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."]; *see also* N.Y. R. of Prof'l Conduct 1.16(c) ["[A] lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."].

Therefore, the non-payment by First Look of Defendant's Counsel's Fees provides a separate ground for granting the motion to withdraw.

    **4.**    **The Posture Of The Case**

Under Local Rule 1.4, when considering a motion to withdraw, the Court should consider "the posture of the case, including its position, if any, on the calendar." In this

case, the Court has already granted summary judgment in favor of Plaintiffs on some of their claims, and granted summary judgment in favor of Defendant with respect to the other claims.

There are several remaining issues. The first is Defendant's motion for attorney fees, which Plaintiffs' opposed on or about November 26, 2010 (although the opposition was due on December 17, 2010). Defendant's reply papers are due by January 7, 2011.

Furthermore, Judge Francis also Ordered that "damages discovery in connection with the plaintiffs' contract claim shall be completed by December 17, 2010." However, as set forth above, Defendant will be unable to comply, since it has gone out of business. (Coate Dec. ¶2).

Finally, Plaintiffs served a cross-motion for sanctions against Defendant and its counsel on the day after Thanksgiving (November 26, 2010). However, the cross-motion is not reflected in the Court's ECF System. In any event, if such motion is later filed, an the opposition to that cross-motion may be due.

## Conclusion

For the reasons set forth herein and in the accompanying declaration of Charles M. Coate, the motion by Charles M. Coate of Costa Abrams & Coate, LLP and William R. Horner to withdraw as counsel of record for Defendant First Look Studios, Inc. should be granted in its entirety.

Respectfully submitted,

DATED: December 3, 2010  
Santa Monica, California

By: /s/ Charles M. Coate  
Charles M. Coate, Admitted *Pro Hac Vice*  
COSTA ABRAMS & COATE LLP  
1221 Second Street, Third Floor  
Santa Monica, California 90401

Tel: (310) 576-6161  
Fax; (310) 576-6160

DATED: December 3, 2010  
New York, New York

By: /s/ William R. Horner  
William R. Horner, Esq. [WH2750]  
551 5th Avenue, Room 616  
New York, New York 10176

Tel: (201) 252-1165

Attorneys for Defendant First Look Studios, Inc.