UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BLUE ANGEL FILMS LTD. and               08 Civ. 6469(DAB)
MIROMAR ENTERTAINMENT AG                    ECF Case

                    Plaintiffs,

        -against-

FIRST LOOK STUDIOS, INC.,

                    Defendant.
------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE
DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS AND IN
SUPPORT OF THE PLAINTIFFS' CROSS MOTION FOR SANCTIONS**


                    Gregory A. Sioris
                 Attorney for Plaintiffs
                    303 Fifth Avenue
                 New York, NY 10016-6644
                    (212)840-2644

**TABLE OF CONTENTS**

Table of Authorities................................................................................3-6

Preliminary Statement.......................................................................7

I.  SINCE THE DEFENDANT IS NOT THE "PREVAILING PARTY" IN THIS
SUIT, IT CANNOT INVOKE SECTION 505 OF THE COPYRIGHT ACT OR
15 USC §1117(a) TO SEEK ATTORNEY'S FEES AND COSTS.....................8

a)  Defendant Cites No Authority to Support its Attorney's Fee
     Claims Under the Copyright Act.......................................12

b)  Defendants Has Not Cited Any Authority to Support its
     Claims Under the Lanham Trademark Act...........................16

II.  HAVING FILED AN ATTORNEY'S FEE MOTION BASED ON FRIVOLOUS
CLAIMS DEFENDANT AND ITS COUNSEL ARE SUBJECT TO SANCTIONS UNDER
RULE 11 OR ALTERNATIVELY UNDER 28 U.S.C. §1927.......................19

a)  Knowing Plaintiff Prevailed, the Defendant's Attorney Fee
     Motion is Frivolous Triggering Rule 11 Sanctions...............19

b)  Having Needlessly Multiplied the Proceedings Sanctions
     Are Appropriate Under 28 U.S.C. §1927.............................22

Conclusion...............................................................................23

**TABLE OF AUTHORITIES**

ACLI Gov't Sec. v. Rhoades,
907 F. Supp. 66 (S.D.N.Y. 1995)................................................22

Amarel v. Connell,
102 F.3d 1494 (9th Cir. 1997)................................................11

Ann Howard Designs, L.P. v. Southern Frills, Inc.,
7 F.Supp.2d 388 (S.D.N.Y. 1998)................................................15

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of
Albany, 369 F.3d 91 (2d Cir. 2004)................................................21

Ariel (UK) Limited v. Reuters Group PLC,
2007 U.S. Dist. Lexis 7423 (S.D.N.Y. 2007)................................................16

ATSI Communications, Inc. v. The Shaar Fund,
579 F.3d 143 (2nd Cir. 2009)................................................21

Bryant v. Media Right Productions, Inc.,
603 F.3d 135 (2nd Cir. 2010)................................................13

Buckhannon Board & Car Home, Inc. v. West Virginia Dep't of
Healthand Human Services,
532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed 855(2001)................................9,10

Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp,
Inc., 28 F.3d 259 (2d Cir. 1994)................................................21

Chambers v. Time Warner, Inc.,
279 F.Supp2d 362(S.D.N.Y. 2002)................................................13

Cohen v. Paramount Pictures Corp.,
845 F.2d 851 (9th Cir. 1988)................................................15

Dattner v. Conagra Foods, Inc.,
458 F.3d 98 (2nd Cir. 2006)................................................16

d'Hedouville v. Pioneer Hotel Co.,
552 F.2d 886 (9th Cir. 1977)................................................11

Farrar v. Hobby,
506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)................................10,11

Fogerty v. Fantasy, Inc.,
510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)................................14

### TABLE OF AUTHORITIES

Gilliam v. American Broadcasting Companies,
538 F.2d 14 (2nd Cir. 1976)........................................................15

Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics,
166 F.3d 438 (2d Cir. 1999).......................................................16

Healey v. Chelsea Resources, Ltd.,
947 F.2d 611 (2d Cir. 1991).......................................................20

Hensley v. Eckerhart,
461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)............10

In re 680 Fifth Ave. Assocs.,
218 B.R. 305 (Bankr. S.D.N.Y. 1998)......................................22

Keller v. Mobil Corp.,
55 F.3d 94 (2d Cir. 1995)............................................................22

Kiobel v. Millson,
592 F.3d 78 (2nd Cir. 2010).......................................................19

Lava Records v. Amurao,
354 Fed. Appx. 461(2nd Cir. 2009)...........................................14

Mareno v. Rowe,
910 F.2d 1043 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028,
112 L. Ed. 2d 673, 111 S. Ct. 681 (1991)..................................20

Matthew Bender & Co. v. West Publ'g Co.,
240 F.3d 116, 122 (2d Cir. 2001)...............................................13

Margo v. Weiss,
213 F.3d 55 (2nd Cir. 2000)........................................................21

Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.,
290 F.3d 98 (2d Cir. 2002).........................................................13

Mr. L. v. Sloan,
449 F.3d 405 (2nd Cir. 2006).....................................................10

New York Times v. Tasini,
533 U.S. 483 (2001)....................................................................15

Nicholls v. Tufenkian,
2005 U.S. Dist. Lexis 16715 (S.D.N.Y. 2005).........................16

TABLE OF AUTHORITIES

Parks v. MCA/Universal,
2008 U.S. Dist. LEXIS 5085 (S.D.N.Y. 2008)................................18

Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,
317 F.3d 209 (2nd Cir. 2003)................................17

Penguin Books U.S.A. Inc. v. Foundation For "A Course on Miracles,
Inc.", 2004 U.S. Dist. Lexis 5648 (S.D.N.Y. 2004)................................16

Random House, Inc. v. Rosetta Books LLC,
150 F.Supp2d 613 (S.D.N.Y. 2001)
affirmed, 283 F.3d 490 (2nd Cir. 2002)................................15

Richard Feiner v. Larry Harmon Pictures Corp.,
38 F.Supp2d 276 (S.D.N.Y. 1999)................................17

San Diego Police Officers' Ass'n. v. San Diego City Employees,
568 F.3d 725 (9th Cir. 2009)................................11

Santana Products, Inc. v. Sylvester & Associates,
279 Fed. Appx. 42 (2nd Cir. 2008)................................17

Shakur v. Selsky,
391 F.3d 106 (2d Cir. 2004)................................20

Silverstein v. Penguin Putnam, Inc.,
2008 U.S. Dist. Lexis 19479 (S.D.N.Y. 2008)................................16

Silverstein v. Penguin Putnam, Ltd.,
368 F.3d 77 (2nd Cir. 2004)................................17

Societe des Hotels Meridien v. LaSalle Hotel Operating
Partnership, L.P., 380 F.3d 126 (2nd Cir. 2004)................................17

S.O.S., Inc. v. Payday,
886 F.2d 1081 (9th Cir. 1989)................................15

Ted Lapidus, S.A. v. Vann,
112 F.3d 91 (2d Cir. 1997)................................21

Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.,
996 F.2d 1366 (2d Cir. 1993)................................17

United States v. Int'l Bd. of Teamsters,
948 F.2d 1338 (2d Cir. 1991)................................22

## TABLE OF AUTHORITIES

Virgin Records Am., Inc. v. Thompson,
512 F.3d 724 (5th Cir. 2008)..................................................................14

Waldman Publ'g Corp. v. Landoll, Inc.,
43 F.3d 775 (2nd Cir. 1994)..................................................................17

Wechsler v. Hunt Health Sys., Ltd.,
216 F.Supp.2d 347 (S.D.N.Y. 2002)........................................................22

Wellnx Life Sciences, Inc. v. Iovate Health Services Research,
Inc., 516 F.Supp.2d 270 (S.D.N.Y. 2007)................................................18

**Statutes**

17 U.S.C. §505

15 U.S.C. §1117(a)

28 U.S.C. §636

28 U.S.C. §1927

F.R.C.P. 11

**Treatise**

*Moore's Federal Practice*, Third Edition, 2010

## PRELIMINARY STATEMENT

By Order entered September 29, 2010, Judge Batts summarily ruled that plaintiffs prevailed in their suit against the defendants for breach of the parties' motion picture distribution agreement dated February 19, 2008.  The agreement concerns the distribution of the motion picture *Buy, Borrow, Steal* aka *Miss Conception* (motion picture or picture).  The Order holds that defendant is liable to plaintiffs for the payment of $212,500.00 or 85% of the balance of the $250,000.00 advance required to purchase the picture's distribution rights.  In addition defendant has to account and pay plaintiffs royalties as recited under the agreement.  Judge Batts has Ordered the matter be set down for inquest before the Magistrate to determine the judgment amount, with the entry of judgment against the defendant being a foregone conclusion at this point.  By Order of the Magistrate entered on November 10, 2010 the defendant has to make further disclosure regarding the damages by December 17, 2010 in preparation for the inquest.

Despite failing to prevail in the suit, and without a declaration from the defendant to support its motion, defendant's counsel has signed and filed a motion seeking attorney's fees and costs under the Copyright and Lanham Acts, in clear disregard of the language of the statutes and of precedent which shows that

defendant is not the prevailing party and therefore lacks standing to trigger fee shifting under either statute.  Based on its utter disregard of its adjudged breach of the distribution agreement as based on Judge Batts' Order, and of precedent regarding fee shifting, the defendant's motion runs afoul of FRCP 11 or alternatively 28 U.S.C. §1927.  The plaintiffs not only oppose this motion but cross move to sanction the defendant or more appropriately its counsel for filing a frivolous motion that has no chance of success.

## I.   SINCE THE DEFENDANT IS NOT THE "PREVAILING PARTY" IN THIS SUIT, IT CANNOT INVOKE SECTION 505 OF THE COPYRIGHT ACT OR 15 USC §1117(a) TO SEEK ATTORNEY'S FEES AND COSTS

Defendant is liable to plaintiff for damages as per Judge Batts' Order entered September 29, 2010.  In its moving papers defendant and its counsel willfully avoid discussion of the threshold issue as regards fee shifting, namely whether defendant attained "prevailing party" status in order for it to have standing to invoke section §505 of the Copyright Act[1] or §1117(a)

---

[1]  Section 505 (17 USC §505) reads:  In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

of the Lanham Trademark Act[2] and argue a claim for fees.  Attorney

fees are granted under these statutes, in the discretion of the

Court, to the "prevailing party", not to "any party", "either

party" or "where appropriate", see generally *Moore's Federal*

*Practice*, Third Edition, 2010, §54.171[3][c][v].  The defendant

seeks to re-write the language of the statutes by reading

"prevailing party" to mean "either party", which shows it is

ignoring precedent and taking fanciful liberties with the

statutory language of the Copyright and Lanham Acts.

Under <u>Buckhannon Board & Car Home, Inc. v. West Virginia</u>

<u>Dep't of Health and Human Services</u>, 532 U.S. 598, 604, 121 S. Ct.

1835, 149 L.Ed 855 (2001), the prevailing party can only be one

---

[2]  15 U.S.C. §1117(a) reads:  (a) Profits; damages and costs;
attorney fees.  When a violation of any right of the registrant of
a mark registered in the Patent and Trademark Office, a violation
under section 43(a) or (d) [*15 USCS § 1125(a)* or (d)], or a
willful violation under section 43(c) [*15 USCS § 1125(c)*], shall
have been established in any civil action arising under this Act,
the plaintiff shall be entitled, subject to the provisions of
sections 29 and 32 [*15 USCS §§ 1111*, *1114*], and subject to the
principles of equity, to recover (1) defendant's profits, (2) any
damages sustained by the plaintiff, and (3) the costs of the
action. The court shall assess such profits and damages or cause
the same to be assessed under its direction. In assessing profits
the plaintiff shall be required to prove defendant's sales only;
defendant must prove all elements of cost or deduction claimed. In
assessing damages the court may enter judgment, according to the
circumstances of the case, for any sum above the amount found as
actual damages, not exceeding three times such amount. If the
court shall find that the amount of the recovery based on profits
is either inadequate or excessive the court may in its discretion
enter judgment for such sum as the court shall find to be just,
according to the circumstances of the case. Such sum in either of
the above circumstances shall constitute compensation and not a
penalty. The court in exceptional cases may award reasonable
attorney fees to the prevailing party.

who secures a "judgment on the merits" or a court ordered consent decree.  For a discussion on how the Circuit views prevailing party status based on Buckhannon see Mr. L. v. Sloan, 449 F.3d 405, 407 (2nd Cir. 2006).

Under Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), "In short a plaintiff 'prevails' when actual relief on the merits of his claims materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff".  Under Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), a prevailing party is one who has achieved "success on a significant issue in the litigation that achieves some of the benefits that party sought in bringing suit."

Applying either of the Supreme Court's "prevailing party" definitions, the plaintiffs are the prevailing parties in this suit.  Since the inquest will determine the amount of the judgment that will be rendered solely in plaintiffs' favor, it is a foregone conclusion plaintiffs are the "prevailing party".

Defendant disregards the facts as stated in Judge Batts' Order entered on September 29, 2010 which finds that defendant paid plaintiffs only $37,500.00 toward the advance monies of $250,000.00, leaving a balance of $212,500.00 exclusive of royalties which the defendant failed to report, or pay, since 2008 as stated in the accompanying declaration of Oliver Mahrdt.  At

this time prior to the inquest the defendant's debt to plaintiffs
is already a six figure sum.  With the entry of judgment the legal
relationship between the parties will be "materially altered" as
stated in <u>Farrar</u> as will the defendant's behavior, since it will
have to pay a substantial sums under the judgment and will have to
strictly comply with the terms of the distribution agreement as
regards its future reporting of income and its timely payment of
royalties to the plaintiffs.

   As seen in <u>San Diego Police Officers' Ass'n. v. San Diego
City Employees</u>, 568 F.3d 725 at 741, (9th Cir. 2009) as cited by
defendant at p. 11 of its brief, "Courts consistently confirm that
[a] party in whose favor judgment is rendered is generally the
prevailing party for purposes of awarding costs under *Rule 54(d)'*
*(d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir.*
*1977);* accord, such cases as *Amarel v. Connell, 102 F.3d 1494,*
*1523 (9th Cir. 1997))*".

   By seeking fees defendant is attempting what the Ninth
Circuit admonished at page 741 in the <u>San Diego Police</u> ruling,
since it "seeks to emulate the alchemists in the Middle Ages in
its effort to transmute the base metal of its total loss on the
merits into the gold of 'prevailing party' status… That just won't
work, and not just because any purported 'prevailing party' status
for Association [appellant] is wholly counterintuitive.  After
all, Association has obtained no judgment, consent decree or

settlement that it can enforce against Appellees--an express
prerequisite to such status under *Farrar"*.

For defendant to file its motion oblivious to precedent it
cites governing the threshold issue of a "prevailing party" is to
display a conscious disregard of both the facts as recited in the
Order and the law.  Furthermore, the timing of the defendant's
motion, submitted prior to the inquest shows it is being filed in
bad faith, in order to spite plaintiffs for prevailing and to
delay the inquest since the Court is now burdened with deciding
the motion.  Defendant also failed to comply with the portion of
the Order which grants plaintiff an accounting, ignoring
plaintiff's counsel's letter of October 4, 2010 wherein demand was
made for defendant to account as per the terms of the distribution
agreement, letter plaintiff's exhibit F.  Having failed to
account, the discovery of this information is now being judicially
compelled for production by December 17, 2010 pursuant to the
Order entered on November 10, 2010, Francis, M.J.


a) **Defendant Cites No Authority to Support its Attorney's Fee
   Claims Under the Copyright Act**


Defendant, predictably, cites no precedent to support its
position that despite having failed to prevail in the suit that it
may still seek fees under the Copyright Act.  Having lost the case
and facing an inquest to determine the judgment's damage amount

the arguments it presents are frivolous, since the cases it cites do not support the position that a loser has the right to claim legal fees under either the Copyright or Lanham Trademark Acts. The tactic of claiming to have prevailed in some portions of a suit and to seek fees thereon despite lacking a judgment has been tried without success, Chambers v. Time Warner, Inc., 279 F.Supp2d 362, 365 (S.D.N.Y. 2002). For perhaps obvious reasons defendant cites no authority where a party that has been adjudged in breach of a copyright license agreement has successfully claimed attorney's fees under the Copyright Act.

Turning to fee shifting under the Copyright Act, "Attorneys' fees are available to prevailing parties under §505 of the Copyright Act but are not automatic", Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 117 (2d Cir. 2002). Under Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001),

> The standard of review of an award of attorney's fees is highly deferential to the district court.
> Attorneys' fees are available to prevailing parties under §505 of the Copyright Act but are not automatic.
> While there is no precise rule or formula for making these determinations, equitable discretion should be exercised.

See also Bryant v. Media Right Productions, Inc., 603 F.3d 135, 144 (2nd Cir. 2010), Section 505 of the Copyright Act provides that a district court may "in its discretion . . . award a reasonable attorneys fee to the prevailing party", which ruling affirms the denial of a request for attorney's fees. Under

13

<u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994), in undertaking an analysis of when to grant attorney's fees to *a prevailing party* a court has the discretion to award them "so long as [they] are faithful to the purposes of the Copyright Act".  Since defendant willfully and materially breached the terms of the motion picture's distribution agreement, its conduct is contrary to the purposes of the Copyright Act, since a copyright owner is entitled to reasonable compensation for the exploitation of its work and should avoid having to file suit to uphold the terms of a distribution agreement.  Defendant simply ignores the material fact that its breach is clearly not "faithful to the purposes of the Copyright Act".

As stated by the Circuit in <u>Lava Records v. Amurao</u>, 354 Fed. Appx. 461 at 462 (2nd Cir. 2009) "'[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.'; see also <u>Virgin Records Am., Inc. v. Thompson</u>, 512 F.3d 724 (5th Cir. 2008)".

In presenting its arguments defendant fails to refer to the Short Form Assignment of the picture's copyright (Assignment, agreement exhibit A), plaintiff's exhibit A.  The assignment is unambiguous as regards the license's viability, which "is expressly <u>made</u> <u>subject</u> <u>to</u> <u>all</u> <u>of</u> <u>the</u> <u>terms</u>, conditions and

provisions contained in said Agreement.  In the event of any inconsistency between said Agreement and this assignment, the Agreement shall be controlling", (emphasis added) see "Short Form Assignment of Rights" plaintiffs' exhibit A.  Since the license and exploitation of the picture's copyright is "subject to" the payment terms of the agreement defendant's argument that plaintiffs' copyright claim is "objectively unreasonable" is entirely baseless since despite being adjudged in breach of the agreement's payment terms, it nonetheless continues to exploit the picture since 2008.  Based on the breach of the agreement, the plaintiff's claim of copyright infringement is objectively reasonable since Courts have long held that violating copyright license agreements result in findings of copyright infringement, e.g. New York Times v. Tasini, 533 U.S. 483 (2001), Gilliam v. American Broadcasting Companies, 538 F.2d 14, 20-21 (2nd Cir. 1976), Random House, Inc. v. Rosetta Books LLC, 150 F.Supp2d 613 (S.D.N.Y. 2001), affirmed, 283 F.3d 490 (2nd Cir. 2002), Cohen v. Paramount Pictures Corp., 845 F.2d 851, 854-855 (9th Cir. 1988), S.O.S., Inc. v. Payday, 886 F.2d 1081, 1088 (9th Cir. 1989).

There are numerous decisions in this District which follow the holding of Ann Howard Designs, L.P. v. Southern Frills, Inc., 7 F.Supp.2d 388, 390 (S.D.N.Y. 1998) denying attorney's fees in copyright suits, because "an unsuccessful claim does not necessarily equate with an objectively unreasonable claim" which

denied a fee motion based on the section 505 of the Copyright Act.
See also <u>Silverstein v. Penguin Putnam, Inc.</u>, 2008 U.S. Dist.
Lexis 19479 (S.D.N.Y. 2008), <u>Ariel (UK) Limited v. Reuters Group
PLC</u>, 2007 U.S. Dist. Lexis 7423 (S.D.N.Y. 2007), <u>Nicholls v.
Tufenkian</u>, 2005 U.S. Dist. Lexis 16715 (S.D.N.Y. 2005)(Francis,
M.J.), <u>Penguin Books U.S.A. Inc. v. Foundation For "A Course on
Miracles, Inc."</u>, 2004 U.S. Dist. Lexis 5648 (S.D.N.Y. 2004).

Finally, although perhaps a detail at this point, with
defendant having failed to prevail it cannot claim costs under
statute, <u>Dattner v. Conagra Foods, Inc.</u>, 458 F.3d 98 at 101 (2nd
Cir. 2006), "A number of our sister circuits have ruled, and we
agree, that, in general, a litigant who is a prevailing party for
purposes of attorney's fees is also the prevailing party for
purposes of costs"…(citation omitted)(noting that meaning of
'prevailing party' is generally same in either context --
attorney's fees or costs)".


b) **Defendants Has Not Cited Any Authority to Support its
   Claims Under the Lanham Trademark Act**


"Under the Lanham Act, '[t]he court in exceptional cases may
award reasonable attorney fees to the prevailing party.' 15 U.S.C.
§ 1117(a)(3).  Attorney's fees should be awarded pursuant to §
1117 "only 'on evidence of fraud or bad faith.'" <u>Gordon & Breach
Sci. Publishers S.A. v. Am. Inst. of Physics</u>, 166 F.3d 438, 439

(2d Cir. 1999) (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993). As cited in <u>Santana Products, Inc. v. Sylvester & Associates</u>, 279 Fed. Appx. 42, 43 (2nd Cir. 2008). See also, <u>Patsy's Brand, Inc. v. I.O.B. Realty, Inc.</u>, 317 F.3d 209 at 222 (2nd Cir. 2003) "We agree with Judge Martin that fraudulent conduct in the course of conducting trademark litigation permits a finding that a case is 'exceptional' for purposes of an attorney's fee award under the Lanham Act".

The claim against the defendants is that they are violating the Lanham Act by "reverse passing off" or "reverse palming off", specifically by claiming ownership of the plaintiffs' copyrighted work, selling it and seeking attribution as proprietor. In <u>Richard Feiner v. Larry Harmon Pictures Corp.,</u> 38 F.Supp2d 276 (S.D.N.Y. 1999) a defendant "openly and notoriously claimed they were the owners and licensors of the plaintiff's still photographic Laurel and Hardy images. This is sufficient to meet the pleading requirements of a Lanham Act claim", 38 F.Supp.2d at 280. The Circuit regards claims of reverse palming of as being separate to a claim of copyright infringement, <u>Waldman Publ'g Corp. v. Landoll, Inc.</u>, 43 F.3d 775, 780 (2nd Cir. 1994), see also <u>Societe des Hotels Meridien v. LaSalle Hotel Operating Partnership, L.P.</u>, 380 F.3d 126, 131 (2nd Cir. 2004), <u>Silverstein v. Penguin Putnam, Ltd.</u>, 368 F.3d 77, ft. note 6 (2nd Cir. 2004),

Parks v. MCA/Universal, 2008 U.S. Dist. LEXIS 5085 (S.D.N.Y. 2008) at *9-11, Wellnx Life Sciences, Inc. v. Iovate Health Services Research, Inc., 516 F.Supp.2d 270, 285-286 (S.D.N.Y. 2007).

Defendant fails to show that this is an "exceptional case" or that it involves fraud, bad faith or other misconduct when considering it sold the picture in material breach of its right to do so.  Its allegation that plaintiff was aware of the remedies under the agreement are made with the hindsight of the Judge Batts' Order and without reference to the fact that the rights granted were "subject to" the agreement's payment terms as referred to in the Short Form Assignment referenced above.

Based on defendant's unwillingness to pay plaintiffs, plaintiffs stood on the terms contained in the Short Form Assignment and acted in good faith pursuant to this provision to terminate the defendant's rights in the picture.  Although Judge Batts elected to base her ruling on breach of contract, at the time of the complaint's filing the Lanham Act claim was made on a good faith basis grounded in precedent.  If, as defendant now argues, plaintiffs' Lanham Act claim was made in bad faith or for other improper purpose, defendant would have filed a counterclaim making such allegations.  However, defendant never filed a counterclaim challenging any of the plaintiffs' positions as being based on fraud, bad faith or other malfeasance.

Based on these facts, defendant cannot seek attorney's fees and costs under the Lanham Act.

## II.   HAVING FILED AN ATTORNEY'S FEE MOTION BASED ON FRIVOLOUS CLAIMS DEFENDANT AND ITS COUNSEL ARE SUBJECT TO SANCTIONS UNDER RULE 11 OR ALTERNATIVELY UNDER 28 U.S.C. §1927

### a)   Knowing Plaintiff Prevailed, the Defendant's Attorney Fee Motion is Frivolous Triggering Rule 11 Sanctions

At the outset, there is an issue of whether the Magistrate can address or issue sanctions pursuant to Rule 11 as based on the Circuit's ruling in Kiobel v. Millson, 592 F.3d 78 (2nd Cir. 2010) where a split panel failed to reach a decision on whether a magistrate judge has the power to impose Rule 11 sanctions based on 28 U.S.C. §636.  Notwithstanding the Circuit's ruling plaintiff will, if necessary, present its arguments to Judge Batts.

At the outset prior to cross moving to seek sanctions the defendant has been provided with the requisite 21 day Rule 11(c)(2) notice of the plaintiff's cross motion which was served by facsimile and by email on November 26, 2010.

The defendant's claim for attorney's fees is frivolous, since final judgment in this case will not lie in its favor having been adjudged in breach of the distribution agreement since 2008. Despite the Order's entry, defendant ignores the ruling and precedent and moves for attorney's fees and costs, which is frivolous.  "A claim is frivolous when it lacks an arguable basis

either in law or in fact", <u>Shakur v. Selsky</u>, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks omitted) or "that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands," <u>Mareno v. Rowe</u>, 910 F.2d 1043, 1047 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028, 112 L. Ed. 2d 673, 111 S. Ct. 681 (1991); see also <u>Healey v. Chelsea Resources, Ltd.</u>, 947 F.2d 611, 626 (2d Cir. 1991) ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success.") (internal quotes omitted).  Based on the precedents and arguments cited above regarding a "prevailing party" and the fact an inquest will soon determine the judgment's damage amount the defendant's fee motion is frivolous as based on a standard of objective reasonableness.

Rule 11(b)(2) provides in pertinent part that "an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances….the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law".  Under 11(b)(3) "the factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  "Since the inquiry must be 'reasonable under the circumstances,' liability for Rule 11 violations 'requires only a

showing of objective unreasonableness on the part of the attorney or client signing the papers.'" Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997)(emphasis omitted), as cited in ATSI Communications, Inc. v. The Shaar Fund, 579 F.3d 143 at 151 (2nd Cir. 2009).

The purpose of a Rule 11 award "is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004).  Having failed to prevail the defendant's motion is baseless and has no chance of success. Furthermore, since there is no declaration from the defendant's party witness supporting the motion, it is clear that it has been brought by defendant's counsel in an attempt to seek fees which the defendant is likely not paying.

Under Rule 11(c)(2) "if warranted the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion", Margo v. Weiss, 213 F.3d 55, 65 (2nd Cir. 2000).  The Court has the discretion to determine the sanction, however awarding plaintiffs' their attorney's fees and costs to defend this motion is appropriate based on the objectively unreasonable attempt by the defendant's counsel to seek fees from the plaintiffs.  Should the Court so decide, the

undersigned is prepared to submit contemporaneous time records proving the fees and costs connected to defending this motion and for filing a reply.

b)   **Having Needlessly Multiplied the Proceedings Sanctions Are Appropriate Under 28 U.S.C. §1927**

Alternative to sanctions under Rule 11, 28 U.S.C. §1927 provides for the imposition of sanctions against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously [and sanctions] may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct."  "'By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and, it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics.' The purpose of the statute is to deter unnecessary delays in litigation and bad faith is the 'touchstone of an award under [the] statute.'" Wechsler v. Hunt Health Sys., Ltd., 216 F.Supp.2d 347, 357 (S.D.N.Y. 2002) (quoting United States v. Int'l Bd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991).  An inference of bad faith occurs "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." ACLI Gov't Sec. v. Rhoades, 907 F. Supp. 66, 68 (S.D.N.Y. 1995), citing Keller v. Mobil Corp., 55 F.3d 94, 99 (2d Cir. 1995)); see also In re 680 Fifth Ave. Assocs., 218 B.R. 305, 321 (Bankr. S.D.N.Y.

1998) ("Bad faith is present when the court finds that an attorney's actions were motivated by an improper purpose, such as harassment or delay, and were also entirely without color.").

Both the substance and timing of the defendant's motion warrants sanction under 28 U.S.C. §1927.  The defendant's motion serves to only delay the inevitable in its attempt to spite plaintiff.  Defendant and/or its counsel should now bear the fees and costs to defend against this needless motion.

<u>CONCLUSION</u>

Although defendant may have won some battles, it clearly lost the war as regards this suit.  For the reasons stated herein, the Court has good cause to deny the defendant's frivolous motion in its entirety and to grant the cross motion seeking sanctions. Plaintiffs and its counsels are prepared to submit evidence of the reasonable attorney's fees and costs that they have had to incur to defend against this frivolous motion should the Court so direct.

Dated: New York, NY               Respectfully submitted,
       November 25, 2010


                                  s/Gregory A. Sioris
                                  Attorney for Plaintiffs
                                  303 Fifth Avenue, Suite 506
                                  New York, NY 10016-6644
                                  (212)840-2644