```
UNITED STATES DISTRICT COURT                            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
BLUE ANGEL FILMS, LTD. and          : 08 Civ. 6469 (DAB) (JCF)
MIROMAR ENTERTAINMENT AG,           :
                                    :      MEMORANDUM
              Plaintiffs,           :      AND   ORDER
                                    :
    - against -                     :
                                    :
FIRST LOOK STUDIOS, INC.,           :
                                    :
              Defendant.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs in this action were granted summary judgment on their claim for breach of contract, and the Honorable Deborah A. Batts, U.S.D.J., referred the case to me for a determination of damages. In connection with the ongoing proceedings, the plaintiffs served a document subpoena on the Bank of America, N.A., seeking documents relating to the acquisition by Millennium Entertainment, LLC ("Millennium"), a non-party, of the assets of First Look Studios, Inc. ("First Look"), the defendant in this action. Millennium has moved pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure to quash or modify the subpoena and, in the alternative, for a protective order under Rule 26(c). For the reasons that follow, the motion is granted and the subpoena is quashed.

As a threshold matter, the plaintiffs argue that since the

1

documents are not alleged to be privileged, Millennium has no standing to challenge the subpoena served only upon the Bank of America.  (Plaintiffs' Memorandum of Law in Opposition to the Non Party's Motion to Quash Plaintiffs' Subpoena on the Bank of America ("Pl. Memo.") at 9-12).  That contention is without merit.  Millennium represents that the documents at issue contain proprietary, non-public information.  (Affidavit of Trevor Short dated Feb. 2, 2011, ¶ 7).  "[A] party with a real interest in the documents has standing to raise objections to their production." Solow v. Conseco, Inc., No. 06 Civ. 5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008); see also ADL, LLC v. Tirakian, No. 06 CV 5076, 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); In re Flag Telecom Holdings, Ltd. Securities Litigation, No. 02 Civ. 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006); Catskill Development, L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002).  Plainly, Millennium's commercial stake in the documents at issue here constitutes such an interest.

Millennium maintains that the subpoena should have been quashed because the requested information is irrelevant.  (Memorandum of Law in Support of Non-Party Millennium Entertainment, LLC's Motion to Quash or Modify a Subpoena and/or for a Protective Order at 4-7).  Indeed, the only remaining issue in this case is calculation of the plaintiffs' damages, and the

2

plaintiffs have not suggested how documents concerning Millennium's acquisition of First Look's assets might shed light on that question. Rather, the plaintiffs seem to advance two other arguments. First, they seek the subpoenaed information in order to be able to collect their damages from Millennium if First Look fails to meet its obligations. (Pl. Memo. at 12-14). But, "it is premature to take discovery relevant only to enforcement of a judgment that has not yet been won." Devlin v. Transportation Communications International Union, Nos. 95 Civ. 752 & 95 Civ. 10838, 2000 WL 28173, at *5-6 (S.D.N.Y. Jan. 14, 2000); see also Sequa Corp. v. Glemin, No. 91 Civ. 8675, 1995 WL 4047210, at *2-3 ("[s]uch discovery is properly reserved for post-judgment proceedings."). Here, of course, the plaintiffs have yet to be granted a judgment. Second, the plaintiffs apparently intend to implead Millennium as a defendant and contend that the requested information would be relevant to claims against Millennium. (Pl. Memo. at 12-14). However, "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n.17 (1978); accord In re Biovail Corp. Securities Litigation, 247 F.R.D. 72, 75 (S.D.N.Y. 2007). Indeed, when Rule 26(b)(1) was amended in 2000 to limit discovery to that which is "relevant to any party's claim or

3

defense," the Rules Advisory Committee specifically noted that

> [t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Fed. R. Civ. P. 26 advisory committee's note.  Since Millennium is not now a party to this action, information relevant only to potential claims against that entity is not discoverable.

Conclusion

For the reasons set forth above, Millennium's motion to quash the subpoena served on the Bank of America is granted.  This determination is without prejudice to discovery of the requested information in the future in connection with post-judgment proceedings pursuant to Rule 69 of the Federal Rules of Civil Procedure or in connection with any claims that may be brought against Millennium itself.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 9, 2011

Copies mailed this date:

Gregory A. Sioris, Esq.
350 Fifth Avenue, Suite 7606
New York, New York  10118

Michael Lowe, Esq.
Lipsky Bresky & Lowe, LLP
585 Stewart Avenue, Suite 440
Garden City, NY 11530