```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BLUE ANGEL FILMS, LTD. and            :  08 Civ. 6469 (DAB) (JCF)
MIROMAR ENTERTAINMENT AG,             :
                                      :         REPORT AND
              Plaintiffs,             :      RECOMMENDATION
                                      :
     - against -                      :
                                      :
FIRST LOOK STUDIOS, INC.,             :
                                      :
              Defendant.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

The plaintiffs in this action have been granted summary judgment on their claim for breach of contract arising out of a film distributorship agreement. When counsel for the defendant moved to withdraw, a motion that has since been granted, the plaintiffs cross-moved for relief. In a Memorandum and Order filed today, I resolved the non-dispositive issues raised in that cross-motion. In this report and recommendation, I will address the plaintiffs' application for a "non-final judgment," or, in the alternative, for an order of attachment.

A. "Non-Final Judgment"

In the Order dated September 29, 2010 granting summary judgment (the "9/29/10 Order"), the Honorable Deborah A. Batts, U.S.D.J., found that the contract between the plaintiffs and the defendant obligated the defendant to pay an advance totaling $250,000.00, of which only an installment of $37,500.00 had been

1

paid, leaving a balance of $212,500.00.  (9/29/10 Order at 2-3, 11-12).  The plaintiffs now seek a "non-final judgment" in that amount.  Although they cite no authority for their request, they are presumably relying upon Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay."

However, "[a] decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)."  10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2656 (3d ed. 1998).  Here, the plaintiffs' breach of contract claim has been referred to me for an inquest on damages to determine, among other things, the royalties to which the plaintiffs may be entitled on the basis of the defendant's ongoing exploitation of the film at issue.  Therefore, the breach of contract claim has not yet been fully resolved, and entry of judgment is not warranted.  See Winstead v. United States, 863 F. Supp. 264, 268-69 (M.D.N.C. 1994) (declining to enter judgment where damages remained to be determined), aff'd, 109 F.3d 989 (4th Cir. 1997).

2

B. <u>Order of Attachment</u>

The plaintiffs seek an order of attachment in the amount of $212,500.00 or, in the alternative, for $1,000,000.00. (Plaintiffs' Memorandum of Law in Opposition to the Defendant Attorneys' Motion to Withdraw and in Support of the Plaintiffs' Cross Motion for the Entry of a Non Final Judgment and Other Relief at 14, 16). Pursuant to Rule 64(a) of the Federal Rules of Civil Procedure, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." One such remedy in this Court is an order of attachment under section 6201 of the New York Civil Practice Law and Rules ("CPLR"). That section provides in part that an order of attachment may be granted when "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or  removed it from the state or is about to do any of these acts . . . ." CPLR § 6201(3).

Attachment is an <u>in rem</u> remedy. Under New York law,

> an article 62 attachment proceeding operates only against <u>property</u>, not any person. By means of attachment, a creditor effects the prejudgment seizure of a debtor's property, to be held by the sheriff, so as to apply the property to the creditor's judgment if the creditor

3

>     should prevail in court.  Attachment simply keeps the
>     debtor away from his property or, at least, the free use
>     thereof; it does not transfer the property to the
>     creditor.

Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 538, 883 N.Y.S.2d 763, 766 (2009) (emphasis in original).  Here, however, the plaintiffs have failed to identify any asset owned by the defendant, either in New York or elsewhere, that would appropriately be subject to seizure.  Accordingly, the application for an order of attachment should be denied.

Conclusion

For the reasons set forth above, I recommend that the plaintiffs' motion (Docket no. 63) be denied to the extent that it seeks a "non-final" judgment or an order of attachment.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 29, 2011

Copies mailed this date to:

Gregory A. Sioris, Esq.
350 Fifth Avenue, Suite 7606
New York, New York  10118

First Look Studios, Inc.
2000 Avenue of the Stars, Suite 410
Los Angeles, CA  90067