```
UNITED STATES DISTRICT COURT           (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BLUE ANGEL FILMS, LTD. and            : 08 Civ. 6469 (DAB) (JCF)
MIROMAR ENTERTAINMENT AG,             :
                                      :    REPORT AND
              Plaintiff,              :   RECOMMENDATION
                                      :
    - against -                       :
                                      :
FIRST LOOK STUDIOS, INC.,             :
                                      :
              Defendant.              :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:
```

[USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 7/8/13]

The plaintiffs, Blue Angel Films Ltd. and Miromar Entertainment AG (collectively, "Blue Angel"), brought this action for breach of contract and copyright infringement, alleging that the defendant First Look Studios ("FLS") failed to adhere to the terms of an agreement for exclusive distribution rights for a feature length motion picture.

Following entry of default judgment for the plaintiffs, the case was referred to me for an inquest on damages, and a hearing was held on June 11, 2013. Although notice of the hearing was sent to FLS's last known address, the defendant did not appear. The findings below are therefore based on the evidence presented at the hearing and on the information submitted by the plaintiffs.

Background

On February 19, 2008, Blue Angel entered into an agreement with FLS for the exclusive license to distribute a feature length

1

motion picture released in 2008, titled "Buy Borrow Steal" and distributed as "Miss Conception" (the "Picture"). (Complaint ("Compl."), ¶¶ 3-4).

The choice of law provision in the agreement dictated that "th[e] Agreement shall be governed exclusively by (i) the laws of the State of New York . . . and (ii) the federal laws of the United States of America." (Agreement dated April 1, 2008 (the "Agreement"), attached as Exh. F to Plaintiffs' Proposed Findings of Fact and Conclusions of Law in Support of Their Inquest for Damages ("Pl. Proposed Findings"), ¶ 16).

According to the Agreement, FLS was to pay Blue Angel an advance of $250,000.00 as consideration. (Agreement, ¶ 7.1). The advance was to be paid in three installments: an initial payment of $37,500.00 payable no later than five business days after satisfaction of certain conditions precedent; a second payment of $162,500.00 no later than five business days from full and complete delivery of the Picture to the defendant by the plaintiffs; and a final payment of $50,000.00 no later than thirty days following the "Video street date," but no later than August 30, 2008. (Agreement, ¶ 7.1).

FLS paid the first installment of $37,500.00 on or around May 22, 2008, but made no further payments. (Plaintiff's Amended Local Rule 56.1 Statement dated Dec. 4, 2009 ("Pl. Rule 56.1 Statement"),

¶ 6). Since Blue Angel fulfilled its obligation to deliver the Picture on or around June 1, 2008 (Supplemental Declaration of Doris Kirch dated June 18, 2013, ¶ 4), FLS was obliged to pay the second installment by June 6, 2008. Blue Angel served FLS with a Notice of Default/Demand to Cure Breach of Agreement dated June 26, 2008, but FLS did not cure its breach. (Pl. Rule 56.1 Statement, ¶¶ 7-8).

On September 29, 2010, the Honorable Deborah A. Batts, U.S.D.J., granted summary judgment for the plaintiffs on their breach of contract claim but denied them summary judgment on their copyright infringement claims. (Order dated Sept. 29, 2010 ("Order")). On February 14, 2013, Judge Batts entered a default judgment against FLS, based on the defendant corporation's failure to appear by counsel, and referred the case to me for an inquest on damages. (Judgment on Default dated Feb. 14, 2013).

Discussion

   A. Jurisdiction

Federal district courts may exercise diversity jurisdiction over disputes between citizens of a state and citizens of a foreign state when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Corporations are citizens of "the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). This Court has diversity jurisdiction because the

3

plaintiffs are corporations incorporated under the laws of the Federal Republic of Germany, the defendant is a Delaware corporation with a principal place of business in Los Angeles, California, and the amount in controversy exceeds $75,000.00. (Compl., ¶¶ 1, 10).

FLS consented to personal jurisdiction by appearing in this Court. "If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection" to the court's exercise of personal jurisdiction. Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972); see also Insurance Corp. of Ireland v. Comapagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("[A]n individual may submit to the [personal] jurisdiction of the court by appearance."); India Steamship Co. v. Kobil Petroleum Ltd., 620 F.3d 160, 161 (2d Cir. 2010) ("[The defendant] concedes that its general appearance conferred on the district court jurisdiction that is general and in personam."). There is no dispute that FLS appeared in the action and responded to the initial complaint without raising objections as to personal jurisdiction. Indeed, FLS participated in the case for years without objection, filing numerous motions and answering Blue Angel's motions. Therefore, this Court has personal jurisdiction over FLS.

B. <u>Liability</u>

In her September 29, 2010 Order, Judge Batts determined that the defendant is liable to the plaintiff for breach of contract. (Order at 10).

C. <u>Damages</u>

1. <u>Remaining Balance</u>

"The general rule for measuring damages for breach of contract . . . is the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." <u>Adams v. Lindblad Travel, Inc.</u>, 730 F.2d 89, 92 (2d Cir. 1984). The Agreement bound FLS to pay a total advance of $250,000.00 to Blue Angel. (Agreement, ¶ 7.1). FLS paid the first installment of $37,500.00 but failed to pay the second and third installments. (Pl. Rule 56.1 Statement, ¶ 6). Therefore, Blue Angel is entitled to recover the remaining balance of $212,500.00.

2. <u>Interest</u>

"Under New York law . . . a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." <u>United States Naval Institute v. Charter Communications, Inc.</u>, 936 F.2d 692, 698 (2d Cir. 1991) (citing New York Civil Practice Law and Rules ("CPLR") §§ 5001-02). The interest rate is nine percent annually, CPLR § 5004, and is calculated as simple interest, <u>see</u> <u>Marfia v. T.C. Ziraat Bankasi</u>,

5

147 F.3d 83, 90 (2d Cir. 1998). Interest starts accruing "from the earliest ascertainable date the cause of action existed" until the time of verdict or decision. CPLR § 5001(b).

The plaintiffs assert that interest should start accruing on the Agreement's effective date of February 19, 2008,[1] because the defendant knew of its insolvency from that date and thus never intended to uphold its obligation. (Pl. Proposed Findings at 10). However, a company's knowledge of its insolvency does not translate into an automatic breach of contract. See Restatement (Second) of Contracts § 252 cmt. a (1981). Furthermore, the plaintiffs' reliance on New York Debtor and Creditor Law Sections 273, 275, and 276 (Transcript of Inquest for Damages dated June 11, 2013 at 5) is misplaced, as these sections merely indicate that insolvency can constitute fraud; in the present case, there has been no finding of fraud.

Rather, the cause of action accrued when FLS breached the contract by failing to pay the second installment on time -- June 6, 2008. Therefore, prejudgment interest runs from that date until the date the judgment is entered.

Accordingly, the plaintiffs are entitled to recover $96,987.33 in interest up to the date of this Report and Recommendation (July

---

[1] The plaintiffs erroneously refer to the effective date as February 1, 2008. (Pl. Proposed Findings at 10).

6

2, 2013). Thereafter, interest will accrue at $52.40 per day until judgment has been entered.

D. Rescission

In addition to seeking monetary damages, the plaintiffs also demand rescission of the contract. (Pl. Proposed Findings at 10-14). However, the Agreement contains an anti-rescission clause, which states:

> After FLS' payment to Company of the first installment of the Advance pursuant to Paragraph 7.1(a) above, Company's rights and remedies in the event of a breach of any terms and conditions of this Agreement shall be limited to sole and exclusive right, if any, to recover damages in an action at law, and in no event shall Company be entitled to terminate and/or rescind this Agreement, or to enjoin or restrain the distribution or exhibition of the Picture or the use, publication or dissemination of any advertising in connection therewith.

(Agreement, ¶ 12).

In her September 29, 2010 Order, Judge Batts relied on this clause to deny the plaintiffs' motion for summary judgment on their copyright infringement claims. (Order at 11-12). Based on the clause's express language, rescission of the contract is not permissible after payment of the first installment. Since Blue Angel concedes that FLS paid the first installment on or around May 22, 2008, rescission is precluded.

Conclusion

For the reasons set forth above, I recommend that the

plaintiffs be awarded damages for the remaining balance due on the contract in the amount of $212,500.00 and prejudgment interest in the amount of $97,301.73, plus additional interest at the rate of $52.40 per day from July 8, 2013, until the date judgment is entered. I also recommend that the request for an order rescinding the contract be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                    Respectfully Submitted,

                    */s/ James C. Francis IV*
                    JAMES C. FRANCIS IV
                    UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
           July 8, 2013

Copies mailed this date to:

Gregory A. Sioris, Esq.
303 Fifth Avenue, Suite 506
New York, New York  10016

First Look Studios
2000 Avenue of the Stars, Suite 410
Los Angeles, CA 90067